FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUN 23 A 9 56

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ELBERT MADISON, JR.,

    Plaintiff,

v.    Case No.: GJH-16-1542

SCOTT B. WHEAT, *et al.*,

    Defendants.

## MEMORANDUM OPINION

In this case, pro se Plaintiff Elbert Madison, Jr. alleges that Defendants, CACH LLC represented by Attorney Scott B. Wheat ("CACH")[1] and the Circuit Court for the County of Montgomery ("Circuit Court"), violated the Fair Debt Collection Practices Act ("FDCPA"). This Memorandum Opinion and accompanying Order address Madison's Complaint and Motion for Leave to Proceed in forma pauperis. ECF Nos. 1 & 2. For the reasons stated below, Madison's Complaint is **DISMISSED** and he is **GRANTED** twenty-one (21) days to supplement his Complaint.

### I.   BACKGROUND

On February 25, 2014, CACH, a Denver, Colorado collection company, sued Plaintiff, a resident of Washington, D.C., and Brenda Madison, a resident of Silver Spring, Maryland, in the District Court for Montgomery County, Maryland. On March 6, 2015, the district court

---

[1] In the Complaint, Plaintiff names Wheat as a Defendant, but includes "Cach LLC" in parenthesis after his name. Based on the allegations in the Complaint, however, it appears that Plaintiff is only raising claims against Cach, rather than Wheat, as there are no facts alleged respecting Wheat individually. If Plaintiff intends to raise claims against Wheat, he must add allegations with respect to him.

dismissed the claim against Brenda Madison, and a consent judgment was entered against Plaintiff. *See CACH, LLC v. Madison, et al.*, Case No. 0602000028792014 (Montgomery Cnty. Dist. Ct.). Plaintiff then appealed the judgment entered against him to the Circuit Court for Montgomery County, Maryland. Brenda Madison was not named in the Circuit Court action. *See CACH, LLC v. Madison*, Case No. 9164D (Montgomery Cnty. Cir. Ct.).[2] On June 17, 2015, the Circuit Court awarded judgment in the amount of $3,417.21 against Plaintiff. *Id.* On May 19, 2016, Plaintiff filed the instant Complaint seeking damages against CACH, alleging violation of the FDCPA. Plaintiff also seeks leave to file in forma pauperis. ECF No. 2. As he appears to be indigent, his motion is granted.

Madison alleges that CACH, LLC:

> ... submitted a claim on consumer debt where the information was knowingl[y] incorrect, or potentially false ... about the place of residence of the defendant in order to collect on this debt which was uncollectible, or protected from being collected by collection agency where the Defendant was an established resident of Washington, DC to the Montgomery Courts Commissioner of Maryland. This is in violation of the Fair Debt Collection [P]ractice[s] [A]ct. Under Public Law 111-203, title X, STAT. 2092 (2010), Section 1691-1692p (15 USC 1601), Section 811(a)(2) – legal action by debt collection. This act expressly state[s] any legal action as a debt against any consumer shall – "bring such action only in the judicial district of similar enti[t]y – (a) in which such consumer signed the contract sued upon, or (b) in which the consumer resides at the commencement of such action." Moreover, Montgomery County Courts [Commissioner] Authority lacks jurisdictional authority under Md. Courts and Judicial proceedings Code Ann. Section 6-102 and Section 6-201. As a result of the actions taken by both the plaintiff and the courts are in violation of federal [statutes].

ECF No. 1 at 6.[3]

---

[2] Examination of Maryland's judicial case search website indicates that while representing CACH in the district court case, Attorney Wheat listed his office located in Owings Mills, Maryland. At the time he represented CACH in the circuit court case, Wheat appears to have relocated to the Commonwealth of Virginia.

[3] Page citations reflect the assignment made by this Court's electronic docketing system.

## II. DISCUSSION

Madison complains that CACH could not bring its claim against him in Maryland because he was a Washington, D.C. resident at the time the action was filed. ECF No. 1 at 6. This recitation of the law is incomplete: under the FDCPA, any debt collector who brings any legal action on a debt against any consumer shall:

> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district . . . in which such real property is located; or
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity –
>
>     (A)    in which such consumer signed the contract sued upon; or
>
>     (B)    in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i. Madison does not indicate whether the debt involved property or a contract or where the property was located or the contract sued upon was signed, nor does he provide copies of any relevant agreements or contracts. To the extent that Madison wishes to proceed against Defendant CACH or its counsel on a FDCPA claim, he will be granted an opportunity to supplement his Complaint to provide this information and establish that venue to hear his claim lies in this Court.

To the extent that Madison intends to seek review of the state court's decision and an order essentially setting that judgment aside, appellate review of the judgment against him is not available in this Court. "Under the *Rooker-Feldman*[4] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th

---

[4] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149 (1923).

Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S. Ct. 2647 (1994)). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this Court is free to raise it *sua sponte*. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997).

Finally, Madison's claim against the Circuit Court must be dismissed outright. Under the Eleventh Amendment to the United States Constitution, a State, its agencies, and its departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code Ann., State Gov't § 12–201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. *See Wallace v. Dep't of Pub. Safety Dep't of Correction Katherine Green*, No. RDB-15-2152, 2016 WL 1597105, at *5 (D. Md. Apr. 20, 2016). The Circuit Court for Montgomery County, a state entity, is immune from suit in this Court, and shall be dismissed.

## III. CONCLUSION

For the reasons stated above, Madison's Complaint is **DISMISSED** and he is **GRANTED** twenty-one (21) days to supplement the Complaint. Plaintiff is **FOREWARNED** that failure to comply will result in dismissal of Complaint without prejudice without further notice.

A separate Order follows.

Dated: June 23, 2016

GEORGE J. HAZEL
United States District Judge